UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IONA WORKMAN, )
)
    Plaintiff, )
)
v. ) Case No. 1:06cv01647-ESH
) Judge Ellen Segal Huvelle
INPHONIC, INC., )
)
    Defendant. )

## DEFENDANT INPHONIC, INC.'S MOTION TO STAY FURTHER PROCEEDINGS PENDING A RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Defendant InPhonic, Inc. ("InPhonic") moves to stay further proceedings in this action pending a ruling by the Judicial Panel on Multidistrict Litigation ("JPML") on InPhonic's motion for MDL consolidation of this action and related lawsuits against InPhonic. This Court has already ordered such a stay in three related lawsuits— *Davis v. InPhonic, Inc.*, Case No. 1:06-cv-00528-ESH; *Hongyi Yu, et al. v. InPhonic, Inc.*, Case No. 1:06-cv-00951-ESH (action expressly designated by Plaintiff Workman as a related case involving common issues of fact); and *Heller v. InPhonic, Inc.*, Case No. 1:06-cv-01577-ESH. InPhonic respectfully submits that the same relief is appropriate here.

This lawsuit is one of thirteen overlapping putative class actions now pending in various United States District Courts that arise out of wireless phone rebates offered by or through InPhonic. All thirteen lawsuits have been identified to the Judicial Panel on Multidistrict Litigation ("JPML") in connection with InPhonic's motion for pretrial transfer and consolidation pursuant to 28 U.S.C. § 1407. To promote efficiency in pretrial proceedings, and to facilitate coordination between this Court and the JPML, InPhonic seeks an order staying all proceedings in this matter

until the JPML rules on InPhonic's motion. In support of this motion, InPhonic states the following:

1. On June 26, 2006, InPhonic filed a motion with the JPML to transfer and consolidate the following four related lawsuits:

(a) *Davis v. InPhonic, Inc.*, Case No. 1:06-cv-00528 (D.D.C.) ("*Davis*");

(b) *Hongyi Yu, et al. v. InPhonic, Inc.*, Case No. 1:06-cv-00951 (D.D.C.) ("*Hongyi Yu*");

(c) *Rock, et al. v. InPhonic, Inc.*, Case No. 2:06-cv-02156 (D.N.J.) ("*Rock*"); and

(d) *Sutherland v. InPhonic, Inc., et al.*, Case No. 1:06-cv-03281 (N.D. Ill.) ("*Sutherland*").

*See Davis* Dkt. # 8; *Hongyi Yu* Dkt. # 9 (notice of filing of InPhonic's JPML pleadings). These putative class actions seek damages and other remedies resulting from the same alleged conduct—the manner in which InPhonic offered and processed rebates on wireless telephones purchased through InPhonic websites. The JPML has scheduled a September 28, 2006 hearing on InPhonic's motion for MDL consolidation. *See* Exh. 1 (JPML September 28, 2006 hearing schedule).

2. Since July 6, 2006, the JPML has received Notices of Related Actions for eight other potential "tag-along actions" pursuant to JPML Rules 7.2(i) and 7.5(e):

(a) *Couer v. Continental Promotion Group, Inc., et al.*, Case No. 2:06-cv-01560 (D. Ariz.);

(b) *Roquemore v. Continental Promotion Group, Inc., et al.*, Case No. 2:06-cv-01664 (D. Ariz.);

(c) *Morales v. Continental Promotion Group, Inc., et al.*, Case No. 2:06-cv-01671 (D. Ariz.)

(d) *Salzman v. InPhonic, Inc., et al.*, Case No. 1:06-cv-1266 (D.D.C.);

(e) *Feldman v. Continental Promotion Group, Inc., et al.*, Case No. 2:06-cv-1891 (D. Ariz.);

(f) *Pevnick v. Continental Promotion Group, Inc., et al.*, Case No. 2:06-cv-1992 (D. Ariz.);

(g) *Heller v. InPhonic, Inc.*, Case No. 1:06-cv-01577 (D.D.C.); and

(h) *Friedrich, et al. v. InPhonic, Inc., et al.*, Case No. 06-cv-6110 (C.D. Cal.).

These complaints make allegations that are substantively identical to those made in the *Sutherland* complaint, and that overlap with, or duplicate, the alleged class-wide common questions in the complaints in *Davis*, *Hongyi Yu*, and *Rock*.

3. On September 26, 2006, InPhonic filed with the JPML a Notice of Related Action designating this lawsuit as a potential "tag-along action" involving alleged common questions of fact that overlap with, or duplicate, the alleged class-wide common questions in the complaints in *Davis*, *Hongyi Yu*, *Rock*, and *Sutherland*. *See* Exh. 2.

4. Concurrently with her Complaint, Plaintiff filed a Notice of Designation of Related Civil Cases Pending in This or Any Other United States Court, in which she alleged that this lawsuit "involves common issues of fact," and "grows out of the same event or transaction" as, *inter alia*, the *Davis* and *Hongyi Yu* actions. (Dkt. # 2). Indeed, Plaintiff's Complaint makes allegations that substantially overlap the allegations contained in the *Davis*, *Hongyi Yu*, and *Heller* complaints.[1]

5. On July 13, 2006, InPhonic filed in both *Davis* and *Hongyi Yu* a Motion to Set Uniform Pre-Trial Dates Pending a Ruling by the Judicial Panel on Multidistrict Litigation (InPhonic's "Motion for Uniform Pre-Trial Dates"). *See Davis* Dkt. # 10, *Hongyi Yu* Dkt. # 8. In those motions, InPhonic set forth substantial authority favoring judicial forbearance when MDL transfer is likely. *See id.* at ¶¶ 4-8. Plaintiffs in both cases filed a joint opposition, which was docketed only in *Hongyi Yu*. *See Hongyi Yu* Dkt. # 12.

6. This Court entered the following ruling on InPhonic's motion:

Upon consideration of defendant's Motion to Set Uniform Pretrial Dates Pending a Ruling by the Judicial Panel on Multidistrict Litigation and plaintiffs' joint response,

---

[1] Plaintiff's complaint also duplicates the substance of allegations made by the plaintiff in *Salzman v InPhonic, Inc., et al.*, Case No. 06-01266-ESH ("*Salzman*"). The plaintiff in *Salzman* has filed a Notice of Designation of Related Civil Cases Pending in This or Any Other United States Court, in which she recognized that her lawsuit "involves common issues of fact" with both the *Davis* and *Hongyi Yu* actions. *Salzman* Dkt. # 2. To date, InPhonic has not been served in *Salzman*.

3

it is hereby ordered that the motion ... is GRANTED IN PART and these matters will be stayed pending the decision of the MDL panel.

Exhs. 3 & 4 (July 25, 2006 Minute Orders in *Davis* and *Hongyi Yu*). InPhonic incorporates by reference the arguments made in its Motion for Uniform Pre-Trial Dates, and respectfully submits that the same ruling is appropriate here.

7. On September 20, 2006, InPhonic filed a Motion to Stay Further Proceedings in the *Heller* action. *See Heller* Dkt. # 4. The Court granted InPhonic's Motion, ordering the *Heller* action "stayed until the Judicial Panel on Multidistrict Litigation issues its ruling on defendant's pending motion for transfer and consolidation." Exh. 5 (September 21, 2006 Minute Order in *Heller*). The same ruling is appropriate here.

8. Since InPhonic filed its Motion for Uniform Pre-Trial Dates in *Davis* and *Hongyi Yu*, the likelihood of MDL transfer has only increased, as all parties to the related lawsuits that have made their position known support MDL transfer to, and consolidation in, a single judicial district for purposes of coordinated pre-trial proceedings.[2] A stay of proceedings in this matter pending the JPML ruling is therefore all the more appropriate.

9. In light of the foregoing, InPhonic respectfully requests that this Court stay all proceedings in this matter until after the JPML issues its ruling on InPhonic's pending motion for MDL consolidation.

Dated: September 28, 2006  
Washington, D.C.

/s/ Mitchell R. Berger  
Mitchell R. Berger (DC Bar # 385467)  
**PATTON BOGGS LLP**  
2550 M Street, NW  
Washington, DC 20037  
Telephone: (202) 457-6000

---

[2] Plaintiff here has yet to respond to InPhonic's Notice of Related Action, filed with the JPML on September 26, 2006. Plaintiffs in the *Heller* and *Friedrich* actions also have yet to respond before the JPML.

Facsimile: (202) 457-6315
*Attorney for Defendant InPhonic, Inc.*