**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE INPHONIC, INC., WIRELESS
PHONE REBATE LITIGATION
            )
            )      MDL No. 1792
            )

## FOURTH NOTICE OF RELATED ACTIONS

Pursuant to J.P.M.L. Rules 7.2(i) and 7.5(e), InPhonic, Inc. ("InPhonic") hereby notifies the

Panel of the following potential "tag-along actions"[1] in which InPhonic is a named defendant:

- *Friedrich, et al. v. InPhonic, Inc., et al.*, Case No. 06-cv-6110-MMM (C.D. Cal.) (filed August 26, 2006 in California Superior Court; removed September 25, 2006).[2]

- *Workman v. InPhonic, Inc.*, Case No. 06-cv-1647-ESH (D.D.C.) (filed September 25, 2006).[3]

These actions purport to be class actions arising out of wireless phone rebates offered by or

through InPhonic. The alleged common questions of fact that pertain to the purported classes in

the *Friedrich* and *Workman* Complaints overlap with, or duplicate, the alleged class-wide common

---

[1] "A 'tag-along action' refers to a civil action pending in a district court and involving common questions of fact with actions previously transferred under Section 1407." J.P.M.L. Rule 1.1.

[2] A copy of InPhonic's Notice of Removal is attached hereto as Exhibit A. The Notice of Removal includes as Exhibit 1 thereto a copy of the *Friedrich* Complaint.

[3] A copy of the *Workman* Complaint is attached hereto as Exhibit B. By filing this Notice of Related Actions, InPhonic does not concede that service of process was proper, nor does InPhonic waive any available defenses related to such service. InPhonic has not been properly served in this action, as Plaintiff merely forwarded a courtesy copy of the Complaint to InPhonic's counsel.

questions in the complaints in *Davis v. InPhonic, Inc.*, Case No. 1:06-cv-00528 (D.D.C.), *Hongyi Yu, et al. v. InPhonic, Inc.*, Case No. 1:06-cv-00951 (D.D.C.), *Rook, et al. v. InPhonic, Inc.*, Case No. 2:06-cv-02156 (D.N.J.); and *Sutherland v. InPhonic, et al.*, Case No. 06-cv-3281 (N.D. Ill.), which are the subject of InPhonic's pending motion pursuant to 28 U.S.C. § 1407.[4]

Dated: September 26, 2006
Washington, D.C.

Mitchell R. Berger
Christopher W. Hellmich
**PATTON BOGGS LLP**
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Attorneys for Defendant InPhonic, Inc.*

---

[4]    *See* Memorandum in Support of Motion for Transfer and Consolidation of Related Cases Pursuant to 28 U.S.C. § 1407 by InPhonic, Inc., at 4 (Dkt. # 1).  As such, the allegations contained in the *Friedrich* and *Workman* Complaints also overlap with, or duplicate, those made in the complaints in *Cover v. Continental Promotion Group, Inc., et al.*, Case No. 2:06-cv-01560 (D. Ariz.); *Roquemore v. Continental Promotion Group, Inc., et al.*, Case No. 2:06-cv-01664 (D. Ariz.); *Morales v. Continental Promotion Group, Inc., et al.*, Case No. 2:06-cv-01671 (D. Ariz.); *Salzman v. InPhonic, Inc., et al.*, Case No. 1:06-cv-01266 (D.D.C.); *Feldman v. Continental Promotion Group, Inc., et al.*, Case No. 2:06-cv-1891 (D. Ariz.); *Pevnick v. Continental Promotion Group, Inc., et al.*, Case No. 2:06-cv-1992 (D. Ariz.); and *Heller v. InPhonic, Inc.*, Case No. 1:06-cv-01577 (D.D.C.) which are also potential "tag-along actions."  *See* Notice of Related Actions, filed July 10, 2006 (Dkt. # 3); Second Notice of Related Action, filed July 26, 2006 (Dkt. # 14); Notice of Filing of Related Action, filed August 8, 2006 (Dkt. # 17); Notice of Related Action, filed August 22, 2006 (Dkt. # 19); Third Notice of Related Action, filed September 14, 2006 (Dkt. # 20).

# CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2006, a copy of the foregoing Fourth Notice of

Related Actions, and accompanying exhibits, was served pursuant to J.P.M.L. Rules 5.12(a) and

5.2(a), by first-class mail upon:

John A. Peca
Keith T. Vernon
John R. Climaco
Joseph P. Fegen
P. Wesley Lambert
**CLIMACO, LEFKOWITZ, PECA,
WILCOX & GAROFOLI CO., L.P.A.**
888 16th Street, NW, Suite 800
Washington, DC 20006
     *Attorneys for Plaintiff Edwin Davis*

David P. Meyer
Patrick G. Warner
**DAVID P. MEYER & ASSOC. CO., LPA**
401 N. Front Street, Suite 350
Columbus, OH 43215
     *Attorneys for Plaintiff Edwin Davis*

Steven N. Berk
Jonathan W. Cuneo
**CUNEO GILBERT & LADUCA, LLP**
507 C Street, NE
Washington, DC 20002
     *Attorneys for Plaintiffs Hongyi Yu
     and Barbara McGivney*

Knoll Lowney
**SMITH & LOWNEY**
2317 E. John Street
Seattle, WA 98112
     *Attorney for Plaintiffs Hongyi Yu
     and Barbara McGivney*

Kevin P. Roddy
Jennifer Sarnelli
**WILENTZ, GOLDMAN & SPITZER**
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095

*Attorneys for Plaintiffs Hongyi Yu
and Barbara McGivney*

William F. Mahoney
Steven A. Hart
Scott W. Henry
Scott J. Vold
**SEGAL McCAMBRIDGE SINGER
& MAHONEY, LTD.**
One IBM Plaza, Suite 200
330 N. Wabash Ave.
Chicago, IL 60611
    *Attorneys for Plaintiffs Ryan Sutherland,
and Joshua Petrick*

Barry R. Eichen
**EICHEN LEVINSON
& CRUTCHLOW, LLP**
40 Ethel Road
Edison, NJ 08817
    *Attorney for Plaintiff Paul Rock*

Stephen M. Garcia
Sarina M. Hinson
**THE GARCIA LAW FIRM**
One World Trade Center, Suite 1950
Long Beach, CA 90831
    *Attorneys for Plaintiffs Walter Cover,
Luis Morales, and Joshua Petrick*

Patrick J. McGroder III
Robert W. Boatman
**GALLAGHER & KENNEDY, P.A.**
2575 East Camelback Road
Phoenix, AZ 85016
    *Attorneys for Plaintiff Melinda Roquemore*

Bruce L. Simon
**COTCHETT, PITRE, SIMON
& McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
    *Attorney for Plaintiffs Luis Morales
and Shelly Salzman*

2

Mark P. Friedlander, Jr.
**FRIEDLANDER, FRIEDLANDER &**
**EARMAN, P.C.**
1364 Beverly Road, Suite 201
McLean, VA 22101
*Attorney for Plaintiff Shelly Salzman*

Harvey Rosenfield
Pamela Pressley
**FOUNDATION FOR TAXPAYER AND**
**CONSUMER RIGHTS**
1750 Ocean Park Boulevard, Suite 200
Santa Monica, CA 90405
*Attorneys for Plaintiff Shelly Salzman*

Larry Jay Crown
**JENNINGS HAUG & CUNNINGHAM LLP**
2800 North Central Avenue
Suite 1800
Phoenix, AZ 85004
*Attorney for Jonathan Feldman*

Gary E. Mason
**THE MASON LAW FIRM, P.C..**
1225 19th Street, NW
Suite 500
Washington, DC 20036
*Attorney for Plaintiff Stanley J. Heller*

Oren Giskan
Catherine Anderson
**GISKAN & SOLOTAROFF**
207 West 25th Street
4th Floor
New York, NY 10001
*Attorney for Plaintiff Stanley J. Heller*

Daniel Lynch
**LAW OFFICES OF DANIEL LYNCH**
150 South Wacker Drive
Suite 2600
Chicago, IL 60606
*Attorney for Plaintiff Stanley J. Heller*

Clifford H. Pearson
Gary S. Soter
Daniel L Warshaw

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
     *Attorneys for Plaintiffs Barry R. Friedrich*
     *And Mandy Friedrich*

Eric A. Eisen
EISEN & SHAPIRO
10028 Woodhill Road
Bethesda, MD 20817
     *Attorneys for Plaintiff Iona Workman*

Lewis Kahn
Kevin Oufnac
KAHN GAUTHIER SWICK, LLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130
     *Attorneys for Plaintiff Iona Workman*

Scott J. Stein
SONNENSCHEIN, NATH
& ROSENTHAL, LLP
2398 East Camelback Road, Suite 1060
Phoenix, Arizona 85016
     *Attorney for Defendant*
     *Continental Promotion Group, Inc.*

John I. Grossbart
David C. Jacobson
Katharine Elizabeth Stanton
SONNENSCHIEN, NATH
& ROSENTHAL, LLP
233 South Wacker Drive
8000 Sears Tower
Chicago, IL 60606
     *Attorneys for Defendant*
     *Continental Promotion Group, Inc.*

Jason M. A. Twining

A

FILED

1  MARK E. BECK, State Bar No. 65163
   E-Mail: mbeck@beckdecorso.com
2  ERIC A. GRESSLER, State Bar No. 186674  2006 SEP 25  PM 4: 12
   E-Mail: egressler@beckdecorso.com
3  BECK, DE CORSO, DALY, KREINDLER & HARRIS
   A Professional Law Corporation
4  601 West Fifth Street, 12th Floor
   Los Angeles, California 90071
5  Telephone: (213) 688-1198
   Facsimile: (213) 489-7532
6
7  MITCHELL R. BERGER (*pro hac vice* application pending)
   E-Mail: mberger@pattonboggs.com
   Patton Boggs, LLP
8  2550 "M" Street NW
   Washington, D.C. 20037
9  Tel: 202-457-6000
   Fax: 202-457-5601
10
11 Attorneys for Defendant InPhonic, Inc.

12         UNITED STATES DISTRICT COURT

13   CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

14                              CV. 06  6110  MMM (SHx)

15 BARRY R. FRIEDRICH and MANDY        CASE NO.
   FRIEDRICH, Individually and on
16 Behalf of All Others Similarly Situated,   NOTICE OF REMOVAL OF
                                       ACTION PURSUANT TO 28 U.S.C.
17        Plaintiff,                   §§ 1441, 1446 AND 1453(b)

18   vs.

19 INPHONIC, INC.; CONTINENTAL
   PROMOTION GROUP, INC. and
20 DOES 1 through 250, Inclusive,

21        Defendant.

22

23

24

25         Defendant InPhonic, Inc. ("InPhonic") hereby removes the above-captioned

26 action from the Superior Court of California, County of Los Angeles, Central

27 ///

28 ///

215949.1                                1

BECK, DE CORSO, DALY, KREINDLER & HARRIS
A PROFESSIONAL LAW CORPORATION
601 WEST FIFTH STREET, 12TH FLOOR
LOS ANGELES, CALIFORNIA 90071

1  District, to the United States District Court for the Central District of California

2  pursuant to 28 U.S.C. §§ 1441, 1446, and 1453(b).[1]

3       In support of this Notice of Removal, InPhonic states:

4       1.    On or about August 25, 2006, Plaintiffs filed a Complaint in the

5  Superior Court of California, County of Los Angeles, Central District, case number

6  BC357590 (the "Action").

7       2.    On or about August 31, 2006, InPhonic received a copy of the

8  Complaint via certified mail at the offices of InPhonic's designated agent for service

9  of process in Delaware, Corporation Service Company. Based on a review of the

10 Los Angeles County Superior Court docket, the Complaint appears to constitute the

11 sole pleading in this Action. A true and complete copy is attached hereto as

12 Exhibit 1.[2]

13      3.    This notice of removal is timely as it comes within thirty days of

14 InPhonic's receipt of the Complaint, as required by 28 U.S.C. § 1446(b).

15      4.    This Court has original jurisdiction over this Action pursuant to the

16 Class Action Fairness Act ("CAFA"), which states in relevant part:

17      The district courts shall have original jurisdiction of any civil action in
        which the amount in controversy exceeds the sum or value of
18      $5,000,000, exclusive of interest and costs, and is a class action in
        which—(A) any member of a class of plaintiffs is a citizen of a State
19      different from any defendant.

20 28 U.S.C. § 1332(d)(2)(A).

21 ///

22
   _____

23 [1]     Although a class action may be removed under 28 U.S.C. § 1453(b) "by any
   defendant without the consent of all defendants," co-defendant Continental
24 Promotion Group, Inc., through counsel, has informed InPhonic that it consents to
   removal.

25 [2]     By filing this Notice of Removal, InPhonic does not concede that service of
   process was proper, nor does InPhonic waive any available defenses related to such
26 service. InPhonic has not been properly served in this action, as Plaintiff mailed
   InPhonic only a demand letter and a copy of the Complaint, with no summons, as
27 required by California law. *See* Exh. 1; *see also* Cal. Civ. Proc. Code §§ 412.30 and
   413.10.
28

BECK, DE CORSO, DALY,
KREINDLER & HARRIS
A PROFESSIONAL LAW CORPORATION
601 WEST FIFTH STREET, 12TH FLOOR
LOS ANGELES, CALIFORNIA 90071

215949.1

1    5.    This Action satisfies CAFA's minimal diversity requirement because

2    the Plaintiffs and all putative class members are alleged to be citizens of the State of

3    California (Cplt., ¶¶ 1, 4, 5, 33), while InPhonic is a Delaware corporation with its

4    principal place of business located in Washington, D.C.  (Cplt., ¶ 6).[3]

5    6.    This Action is a class action for purposes of CAFA because Plaintiffs

6    purport to bring it as such.  (Cplt., ¶¶ 1, 33-39; and p. 27).

7    7.    This Action exceeds CAFA's $5 million amount-in-controversy

8    requirement because Plaintiffs purport to represent a class of:

9    All persons and entities in California who purchased a wireless device,
      a cellular calling plan or wireless service from INPHONIC through any
10   of its affiliated websites and submitted a rebate claim form that
      complied with the rebate requirements and not [sic] paid the rebate
11   within 12 weeks of the initial submission of the rebate from August 22,
      2002 to the present

12

13   (Cplt., ¶ 33).  On behalf of each putative class member,[4] Plaintiffs seek, *inter alia*,

14   statutory damages, compensatory damages, treble damages, injunctive relief,

15   restitution, disgorgement of profits and attorney fees. (Cplt., p. 27).  Among other

16   things, Plaintiffs allege that each putative class member is entitled, under the District

17   of Columbia Consumer Protection Procedures Act, to a minimum of "$1,500 per

18   violation … payable to the consumer." (Cplt., ¶ 64).  Since 2004 alone, on

19   information and belief, InPhonic has processed over 100,000 rebate submissions

20   made by California residents.  Accordingly, and without considering Plaintiffs'

21   additional claims for compensatory damages, treble damages, injunctive relief,

22   restitution, disgorgement of profits and attorney fees (all of which Plaintiffs also

23   _____

24   [3]    Although Plaintiffs also name "Does 1 through 250, Inclusive," as defendants
     (Cplt., p.1), "the citizenship of defendants sued under fictitious names shall be
25   disregarded." 28 U.S.C. § 1441.

26   [4]    CAFA explicitly requires aggregation of individual plaintiffs' claims when
     determining the amount-in-controversy. "In any class action, the claims of the
27   individual class members shall be aggregated to determine whether the matter in
     controversy exceeds the sum or value of $5,000,000, exclusive of interest and
     costs." 28 U.S.C. 1332(d)(6).

28

BECK, DE CORSO, DALY,
KREINDLER & HARRIS
A PROFESSIONAL LAW CORPORATION
601 WEST FIFTH STREET, 12TH FLOOR
LOS ANGELES, CALIFORNIA 90071

215949.1

3

1 seek on behalf of each putative class member), this Action necessarily purports to

2 place over $5 million in controversy, as required by CAFA.

3        8.     Based on the foregoing, the district courts of the United States have

4 original jurisdiction over this Action.  This Action therefore is removable from the

5 Superior Court of California, County of Los Angeles, Central District, to the United

6 States District Court for the Central District of California.  *See* 28 U.S.C. § 1441(a)

7 ("any civil action brought in a State court of which the district courts of the United

8 States have original jurisdiction, may be removed ... to the district court of the

9 United States for the district and division embracing the place where such action is

10 pending").

11        9.     A copy of this Notice of Removal will be filed with the Superior Court

12 of California, County of Los Angeles, Central District, and will be served on

13 Plaintiffs' counsel as required by 28 U.S.C. § 1446(d).

14       InPhonic, Inc. reserves the right to amend or supplement this Notice of

15 Removal.

16       WHEREFORE, Defendant InPhonic, Inc. hereby removes the Action now

17 pending against it from the Superior Court of California, County of Los Angeles,

18 Central District, case number BC357590, to the United States District Court for the

19 Central District of California.

20

21 Dated: September 25, 2006        Respectfully submitted,

22                             BECK, DE CORSO, DALY,

23                             KREINDLER & HARRIS
                            A Professional Law Corporation

24

25              By:

26                        ERIC A. GRESSLER, Attorneys for
                       Defendant InPhonic, Inc.

27

28

BECK, DE CORSO, DALY,
KREINDLER & HARRIS
A PROFESSIONAL LAW CORPORATION
601 WEST FIFTH STREET, 12TH FLOOR
LOS ANGELES, CALIFORNIA 90071

215949.1

4

# EXHIBIT 1

1  CLIFFORD H. PEARSON (Bar No. 108523)
   GARY S. SOTER (Bar No. 67622)
2  DANIEL L. WARSHAW (Bar No. 185365)
   PEARSON, SOTER, WARSHAW & PENNY, LLP
3  15165 Ventura Boulevard, Suite 400
   Sherman Oaks, California 91403
4  Telephone: (818) 788-8300
   Facsimile: (818) 788-8104
5
   Attorneys for Plaintiffs, BARRY R.
6  FRIEDRICH and MANDY FRIEDRICH,
   Individually and on Behalf of All Others
7  Similarly Situated

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11

12 BARRY R. FRIEDRICH and                CASE NO.    BC357590
   MANDY FRIEDRICH, Individually and     CLASS ACTION
13 on Behalf of All Others Similarly Situated,
                                          CLASS ACTION COMPLAINT FOR:
14         Plaintiffs,
                                          1. UNJUST ENRICHMENT;
15     vs.
                                          2. BREACH OF CONTRACT;
16 INPHONIC, INC.,
   CONTINENTAL PROMOTION GROUP,           3. BREACH OF THIRD PARTY
17 INC. and DOES 1 through 250, Inclusive,   BENEFICIARY CONTRACT;

18         Defendants.                     4. FRAUD;

19                                         5. NEGLIGENT
                                              MISREPRESENTATION;
20
                                          6. VIOLATION OF THE DISTRICT
21                                            OF COLUMBIA CONSUMER
                                              PROTECTION ACT;
22
                                          7. VIOLATION OF THE CONSUMER
23                                            LEGAL REMEDIES ACT (CAL. CIV.
                                              §§ 1750 et seq.);
24
                                          8. FALSE ADVERTISING (CAL. BUS.
25                                            & PROF. CODE §§ 17500 et seq.); and

26                                         9. VIOLATION OF UNFAIR
                                              COMPETITION LAWS (CAL. BUS.
27                                            CODE §§ 17200 et seq.)

28                                         DEMAND FOR JURY TRIAL

754789.1

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 2 5 2006

John A. Clarke, Executive Officer/Clerk
By  S. Gabb  Deputy
    S. Gabb

CLASS ACTION COMPLAINT

1  Individual and Representative Plaintiffs BARRY R. FRIEDRICH and MANDY
2  FRIEDRICH on behalf of themselves and all others similarly situated, complain as
3  follows:

4

5  ## I. INTRODUCTION

6

7  1.  Plaintiffs BARRY R. FRIEDRICH and MANDY FRIEDRICH
8  ("Plaintiffs") bring this action on behalf of themselves and all other persons similarly
9  situated. The Class that Plaintiffs seek to represent is composed of all California
10 consumers who were promised heavily discounted prices and a "consumer loyalty
11 rebate," from Defendant INPHONIC, INC. (hereinafter "INPHONIC") and its co-
12 conspirator Defendant CONTINENTAL PROMOTION GROUP, INC. (hereinafter
13 "CONTINENTAL"). Based upon INPHONIC's deceptive advertisements and its false
14 and/or misleading statements claiming to provide consumers with rebates, both Plaintiffs
15 purchased two Motorola V3 cellular phones from INPHONIC through one of its affiliated
16 websites, wirefly.com. INPHONIC, however, had no intention of timely fulfilling the
17 promised rebates to Plaintiffs or the Class regardless of whether they satisfied the
18 unreasonable and intentionally complicated rebate redemption rules. Defendants enticed
19 consumers to purchase wireless equipment and cellular calling plans by offering the latest
20 and most popular cellular phones for free or near free prices. Instead, INPHONIC and
21 CONTINENTAL delayed in fulfilling the rebates submitted by thousands of consumers
22 across the country in a timely and proper fashion. Plaintiffs bring this action alleging
23 unjust enrichment, breach of contract, fraud, negligent misrepresentation, violation of the
24 District of Columbia Consumer Protection Act (D.C. Code Ann. § 28-3901), violation of
25 the Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 et seq.), false advertising,
26 (Cal. Bus. and Prof. Code §§ 17500 et seq.) and violation of the Unfair Competition Laws
27 (Cal. Bus. & Prof. Code §§ 17200 et seq.) Plaintiffs seek a permanent injunction and
28 other equitable relief, restitution to the Plaintiffs and the Class and civil penalties against

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

754789.1

2
CLASS ACTION COMPLAINT

1   Defendants for violating the aforementioned laws.

2

3      2.      Plaintiffs are informed and believe and thereon allege that the District of

4   Columbia Attorney General has initiated an action against INPHONIC for the illegal and

5   unfair practices alleged herein.

6

7                                  **II. VENUE**

8

9      3.      The venue is proper in this Court. Defendants conduct business and market,

10  sell and distribute their products with in the County of Los Angeles, California.

11  Defendants received substantial compensation of profits from the sale of their products in

12  the County of Los Angeles. Plaintiffs purchased their cellular phones from Defendant

13  INPHONIC within the County of Los Angeles.

14

15                               **III. THE PARTIES**

16

17  **THE PLAINTIFFS**

18

19     4.      Individual and Representative Plaintiff BARRY R. FRIEDRICH is a

20  resident of Los Angeles, California and purchased two (2) Motorola RAZR V3 cellular

21  phones from INPHONIC through its affiliated website wirefly.com.

22

23     5.      Individual and Representative Plaintiff MANDY FRIEDRICH is a resident

24  of Los Angeles, California and purchased two (2) Motorola RAZR V3 cellular phones

25  from INPHONIC through its affiliated website wirefly.com.

26

27

28

754789.1

PEARSON, SOTER, WARSHAW & PENNY, LLP
15189 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

**THE DEFENDANTS**

6.    Defendant INPHONIC, INC. is a Delaware Corporation with its principal place of business at 1010 Wisconsin Avenue, N.W., Suite 600, Washington, D.C. 20007.

7.    Defendant CONTINENTAL PROMOTION GROUP, INC. is an Arizona Corporation with its principal place of business at 1120 West Warner Road, Tempe, Arizona 85284.

8.    The true names and capacities, whether individual, corporate, associate or otherwise of Defendants Does 1 through 250 Inclusive, and each of their roles in this case, are unknown to Plaintiffs who therefore sues said Defendants by such fictitious names pursuant to Code of Civil Procedure § 474. Plaintiffs further allege that each of said fictitious Defendants is in some manner responsible for the acts and occurrences set forth herein. Plaintiffs will amend the Complaint to show their true names and capacities once they are ascertained. On information and belief, Plaintiffs make all allegations contained in this Complaint against Defendants, and each of them, including Does 1 through 250, Inclusive.

**IV. FACTUAL ALLEGATIONS**

9.    INPHONIC is an online seller of wireless products and services, including cellular phones and cellular calling plans. INPHONIC owns and operates a brand of websites, including business limited to www.wirefly.com (hereinafter "WIREFLY"). INPHONIC advertises, markets, sells and distributes the wireless service plans and equipment of companies such as Verizon Wireless, Cingular, T-Mobile and Sprint to consumers through various websites that INPHONIC creates and manages.

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

754789.1

4

10.    Plaintiffs are informed and believe and thereon allege that INPHONIC captured approximately thirty-three percent (33%) of the market in selling wireless devices and service plans in 2005.  Plaintiffs are informed and believe and thereon allege that INPHONIC is the largest third party online retailer of wireless equipment and services in the United States.  According to INPHONIC's annual report for the fiscal year ending December 31, 2005, its revenues totaled in excess of $320 million dollars.

A.    **InPhonic Generates Sales From Consumers Due To Its Deeply Discounted Prices Based On Mail In Rebates**

11.    INPHONIC's primary online store is WIREFLY.  WIREFLY advertises, markets and sells wireless service and equipment directly to consumers.

12.    INPHONIC implemented an aggressive marketing campaign on its websites, including WIREFLY, which advertises many of the most attractive, sought after and expensive cellular phones to be sold for "free" with the purchase and activation of a wireless service plan.  WIREFLY is able to market these phones for "free" because of its "customer loyalty rebate" and/or "customer appreciation rebate."  Often these rebates are coupled with a substantial discount advertised to be a consumers "instant savings."  The combination of the rebate and instant savings typically brings the cost of the phone to zero.  All of the representations are made in a conspicuous and bold manner to generate sales.  Plaintiffs are informed and believe and thereon allege that the majority of the "sales" made via WIREFLY are due to the free or almost free phones offered for sale.  Plaintiffs are further informed and believe and thereon alleged that consumers are enticed to purchase a "free" wireless device and accompanying cellular service plan from WIREFLY because the cost of the phone, as advertised, is free.

13.    However, the onerous terms and conditions of the rebates are buried in

PEARSON, SOTER, WARSHAW & PENNY, LLP
15155 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

754789.1

5

CLASS ACTION COMPLAINT

1   separate, inconspicuous "back-pages" of the websites INPHONIC operates, maintains,

2   owns or otherwise affiliates with, which requires consumers to navigate through in order to

3   discover these terms.  The inconspicuous terms and conditions generally state that it will

4   take ten (10) to twelve (12) weeks to process rebates claims and that consumers must

5   submit particular documents regarding the purchase of their wireless equipment and

6   maintenance of its service plan for an extended period of time.  Plaintiffs are informed and

7   believe and thereon allege that a consumer may proceed with a purchase of a wireless

8   device without navigating to the back-pages containing the terms and conditions of the

9   rebate.   Additionally, Plaintiffs are informed and believe and thereon allege that the

10  websites do not allow a consumer to view the full terms and conditions of the rebate form

11  before the completion of the transaction.

12

13      14.     Plaintiffs are informed and believe and thereon allege that the vast majority

14  of the consumers who purchase wireless service and equipment through INPHONIC

15  and/or through one of the websites that operates, owns, maintains or otherwise affiliates

16  with, did not receive the rebates as advertised.

17

18      15.     In order to participate in the rebate program, consumers are required to mail

19  the rebate form to CONTINENTAL.  Plaintiffs are informed and believe and thereon

20  allege that CONTINENTAL, in conspiracy with INPHONIC, engaged in a scheme to

21  delay and/or deny the rebates submitted by consumers.

22

23      16.     To make matters worse, the contact information on INPHONIC's websites,

24  including WIREFLY, for the Rebate Customer Service Department was intentionally

25  designed to put consumers through a labyrinth of automated prompts and menus and

26  endure extended hold times.

27

28

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

754789.1

6

CLASS ACTION COMPLAINT

10

**B.    InPhonic Intentionally Added Onerous Terms and Conditions To the Rebate Program**

17.    The terms and conditions of the INPHONIC rebates were artificially restrictive and onerous - - intentionally designed to make it almost impossible for consumers to obtain the rebates. On INPHONIC's websites, these conditions are not disclosed on the same page offering the "free" or heavily discounted wireless equipment. Rather, in furtherance of the conspiracy and scheme to delay and defraud consumers, the terms and conditions are placed in small print on obscure "back-pages" of the INPHONIC websites. Additionally, in order to create a basis to justify the denial of rebates submitted by consumers, INPHONIC has inserted artificially onerous and inconspicuous terms in small print such as, "you must include a bill dated at 120 days after activation showing the previous balances and paid in full." However, in small print, these "back pages" also state that the rebate form must be postmarked within 120 days from the activation date of the wireless service plan. Not only do these conditions make compliance impossible, they increase consumer confusion.

18.    The terms and conditions for rebates used by INPHONIC between 2002 and 2006 stated, in small print, that to qualify for a rebate, consumers must maintain wireless service for a period of 150 to 180 days and that consumers must submit their rebate claims, "no earlier than 180 days and no later than 210 days after your account is activated."

19.    Lastly, between 2002 and 2005, on some of the rebate forms, INPHONIC stated, in small print, on its "back-pages," that consumers would not be eligible for rebates if they switched to another rate plan, changed their phone number, forwarded their existing phone number after activating the new phone or return to their equipment.

20.    None of the aforementioned terms and conditions are listed on the page

754789.1

7

CLASS ACTION COMPLAINT

11

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1    offering a "free" or heavily discounted wireless phone.

2

3        21.    Plaintiffs are informed and believe and thereon allege that the majority of the

4    consumers were unaware of these onerous terms and conditions at the time of purchase.

5

6    **C.    InPhonic's Wrongful Denial of Rebates**

7

8        22.    INPHONIC unreasonably denies the rebate forms submitted by consumers

9    based upon meaningless and hyper-technical conditions designed to enable Defendants to

10   "technically" reject the rebate request. Plaintiffs are informed and believe and thereon

11   allege that Plaintiffs and the Class have substantially complied with all obligations

12   contained on the rebate form. For example, between 2002 and 2006, INPHONIC engaged

13   in the following practices:

14

15       •    Denied the receipt of rebates when consumers sent them via certified mail;

16

17       •    When consumers sent timely rebate submissions, INPHONIC would request

18   additional information after the deadline for submission and then eventually deny the

19   claims as untimely;

20

21       •    INPHONIC failed to provide consumers with the correct rebate address or

22   failed to provide forms in a timely manner and later denied these consumers' rebate claims

23   as untimely; and

24

25       •    When the terms and conditions of the rebate require a consumer to maintain

26   the wireless service plan in good standing for 180 days, and a consumer waits to receive its

27   statement indicating good standing for a period of 180 days, INPHONIC denied these

28   consumers' rebate as untimely.

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

754789.1

8

CLASS ACTION COMPLAINT

12

23.    INPHONIC knew or should have known that the time constraints on the rebate offers were causing consumer confusion.

24.    It is the business practice of INPHONIC's to cite alleged errors and hyper-technical conditions to justify the denial of the rebate requests of otherwise eligible consumers who substantially complied with the terms and conditions.  Many consumers who attempt to dispute INPHONIC's denials of their claim either get no response, an automated or form response or receive contradictory statements as to why their claims were denied.

D.     **InPhonic Has Breached Its Contract With Plaintiffs**

25.    On or about December 8, 2005, Plaintiffs visited the WIREFLY website. Prominently placed on the website was an offer to sell Motorola RAZR V3 wireless phones and that the "Total Cost After Rebate[s]" as $0.00. Attached hereto as Exhibit "A" is a true and correct copy of the WIREFLY webpage advertising the Motorola RAZR V3 wireless phones purchased by Plaintiffs.  The Plaintiffs relied upon the advertisement in making their decision to make a purchase from the WIREFLY website.

26.    On or about December 8, 2005, Plaintiff BARRY R. FRIEDRICH purchased two (2) Motorola RAZR V3 wireless phones from WIREFLY for $199.99 per phone plus tax. See invoice attached as Exhibit "B."

27.    On or about December 8, 2005, Plaintiff MANDY FRIEDRICH also purchased two (2) Motorola RAZR V3 wireless phones from WIREFLY for $199.99 per phone plus tax.  See invoice attached as Exhibit "C."

28.    As part of the contract, INPHONIC agreed to provide and Plaintiffs relied

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1    upon a $50 T-Mobile mail-in rebate and $150 rebate from INPHONIC, for each of the four

2    (4) telephones purchased.

3

4          29.    In early February of 2006, Plaintiffs complied with the terms and conditions

5    of the rebate offer by submitting their completed rebate forms, a copy of the sales receipts,

6    a copy of the UPC barcodes from the product's packaging and a copy of the second

7    wireless bill from the wireless carrier. In early March 2006, each Plaintiff received an

8    automated email from INPHONIC and/or CONTINENTAL confirming receipt of the

9    claim forms and related paperwork. The email also stated that the rebates would be

10    processed in a eight (8) to ten (10) week period. INPHONIC and CONTINENTAL never

11    advised Plaintiffs that failed to comply with any of the terms and conditions of the rebate

12    program. Plaintiffs regularly checked the status of their rebates on-line, however there was

13    not any new information.

14

15          30.    Plaintiffs received the four (4) $50 rebates from T-Mobile. However, to

16    date, Plaintiffs have not received any of the $150 customer appreciation rebates promised

17    by INPHONIC. Therefore, BARRY R. FRIEDRICH and MANDY FRIEDRICH are each

18    owed $300.00 (2 rebates x $150.00 per rebate) plus prejudgment interest commencing in

19    May, 2006. Plaintiffs are informed and believe and thereon allege that Plaintiffs'

20    experience is typical of the class as a whole because, *inter alia*, more than 2,000

21    WIREFLY customers have complained to the Attorney General with the District of

22    Columbia over the past three years.

23

24        E.    <u>Defendants Conspired To Engage In A Practice Of Denying And</u>

25              <u>Unreasonably Delaying The Contractual Benefits To Plaintiffs And The</u>

26              <u>Class</u>

27

28          31.    Plaintiffs are informed and believe and thereon allege that under the terms of

PEARSON, SOTER, WARSHAW & PENNY, LLP
15155 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1    their Rebate Administration Agreement, Defendant CONTINENTAL's compensation from

2    INPHONIC is directly tied to the number of rebates redeemed and denied. Plaintiffs are

3    further informed and believe and thereon allege that a fewer number of rebates fulfilled by

4    CONTINENTAL, the more CONTINENTAL is compensated by INPHONIC. Plaintiffs

5    are further informed and believe and thereon allege that INPHONIC and CONTINENTAL

6    engaged in a pattern of intentionally rejecting or delaying rebate payments.

7

8        32.    Plaintiffs are informed and believe and thereon allege that INPHONIC and

9    CONTINENTAL knowingly engaged in the aforementioned pattern of behavior of

10   denying completed claim forms to increase their revenues. Additionally, Plaintiffs are

11   further informed and believe and thereon allege that INPHONIC and CONTINENTAL

12   knowingly engaged in a practice of delaying fulfillment of Plaintiffs' and the Class'

13   rebates in furtherance of their conspiracy to defraud consumers.

14

15                      **V. CLASS ACTION ALLEGATIONS**

16

17       33.    Plaintiffs bring this action on behalf of themselves and the Class consisting

18   of:

19

20           "All persons and entities in California who purchased a

21           wireless device, a cellular calling plan or wireless service from

22           INPHONIC through any of its affiliated websites and

23           submitted a rebate claim form that complied with the rebate

24           requirements and not paid the rebate within 12 weeks of the

25           initial submission of the rebate form from August 22, 2002 to

26           the present."

27

28

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

754789.1

11
CLASS ACTION COMPLAINT

34.    This class action seeks injunctive relief, restitution, restitutionary disgorgement of profits, and actual damages.  Excluded from the Class are Defendants, members of their immediate families, officers, directors, employees of Defendants and any subsidiary affiliate entity in which Defendants have a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person or entity.

35.    Plaintiffs' claims are typical of the claims of the Class because Plaintiffs and all Class Members sustained damages which arise out of Defendants' conduct as alleged herein.  Plaintiffs are representative parties who will fully and adequately protect the interests of the Class Members, and who has retained counsel who are experienced and competent in both class and unfair business practices litigation.  Plaintiffs have no interest which is contrary to or in conflict with those of the Class they seek to represent.  The number and identity of the members of the class can be determined from Defendants' records.

36.    Plaintiffs know of no difficulties to be encountered in the management of this action which precluded maintenance of the Class Action.  Relief concerning Plaintiffs' rights under the laws alleged herein and with respect to the Class would be appropriate.

37.    A Class Action is superior to other methods for the fair and efficient adjudication of litigation, as individual joinder of all members of each class is impracticable and would be unduly burdensome to the individual Courts.  Individual litigation magnifies the delay and expense to all parties.  By contrast, the Class Action device presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale and comprehensive supervision by a single Court. Concentrating this litigation in one forum would promote judicial economy, efficiency and parity among the claims of the individual Class Members as well as judicial consistency. Moreover, the injunctive relief sought would apply equally to all Class Members.

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

754789.1

12
CLASS ACTION COMPLAINT

38.     The Class Action mechanism presents fewer management difficulties than individual litigation, conserves the resources of the parties and the Court system and protects the rights of each Class Member. Notice of the pendency or any resolution of this action can be provided to the Class Members by mail, print, broadcast, internet and multi-media publication. A Class Action will be more efficient, save judicial resources and reduce litigation costs so that Defendants are able to pay more of any recovery or other relief to Class Members as opposed to paying attorneys' fees and costs in duplicative litigation.

39.     There is a well defined community of interest in the questions of law and fact between Plaintiffs and the Class. Questions of law and fact common to the members of the aforesaid Class predominate over any questions which may affect only individual members, in that Defendants have acted on grounds generally applicable to the entire Class. Among the questions of law and fact common to the Class are:

(a)     Whether Defendants made false or misleading statements to the general public;

(b)     Whether Defendants' conduct was unlawful;

(c)     Whether Defendants' conduct was unfair;

(d)     Whether Defendants were unjustly enriched because of their misrepresentations;

(e)     Whether Class Members are entitled to injunctive relief to enjoin these practices and to compel restitution or profits obtained by Defendants as a result of these practices;

(f)     Whether the Members of the Class sustained damages and, if so, whether there is a proper measure of damages;

(g)     Whether INPHONIC breached its contracts with the Members of the Class; and

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

754789.1

13

1          (h)    Whether the Members of the Class are entitled to other equitable

2    relief.

3

4                    **FIRST CAUSE OF ACTION**

5                    **UNJUST ENRICHMENT**

6

7        40.    Plaintiffs hereby incorporate by reference paragraphs 1 through 39, inclusive

8    of this Complaint, as though fully set forth in this cause of action.  This cause of action is

9    asserted by Plaintiffs against Defendant INPHONIC and DOES 1 through 100.

10

11       41.    By their wrongful acts and omissions, INPHONIC and DOES 1 through 100

12   and each of them, were unjustly enriched at the expense of Plaintiffs and the Class, with

13   the payments made to INPHONIC and DOES 1 through 100; and thus Plaintiffs and the

14   Class were unjustly deprived.

15

16       42.    Plaintiffs and the Class seek restitution from Defendant INPHONIC and

17   DOES 1 through 100, and each of them, and seek an order of this Court disgorging all

18   profits, benefits and other compensation obtained by INPHONIC and DOES 1 through 100

19   and each of them, for their wrongful conduct.

20

21                   **SECOND CAUSE OF ACTION**

22                   **BREACH OF CONTRACT**

23

24       43.    Plaintiffs hereby incorporate by reference paragraphs 1 through 42, inclusive

25   of this Complaint, as though fully set forth in this cause of action.  This cause of action is

26   asserted by Plaintiffs against Defendant INPHONIC and DOES 1 through 100.

27

28       44.    During the Class period, Plaintiffs and each Member of the Class entered

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 81403

754789.1

14

CLASS ACTION COMPLAINT

18

1    into a contract with INPHONIC which included a rebate offer. Attached hereto as Exhibits

2    "A," "B" and "C" are true and correct copies of the contracts entered into between

3    INPHONIC and Plaintiffs.

4

5        45.    As part of a pattern and practice, INPHONIC has uniformly breached its

6    contracts with Plaintiff and the Class by failing to disclose all material limitations on its

7    rebate offers, deprive customers of their rebates and failing to act in good faith and its

8    business practices with customers.

9

10       46.    As a direct and proximate result of INPHONIC's wrongful conduct and

11   breach of contract, Plaintiffs and the Class were damaged because the Class substantially

12   complied with all material terms of the rebate offer, but INPHONIC either failed to pay the

13   promised rebates or paid the rebate long after the 10 to 12 week processing period

14   represented in Defendants' advertising..

15

16                        **THIRD CAUSE OF ACTION**

17        **BREACH OF THIRD PARTY BENEFICIARY CONTRACT**

18

19       47.    Plaintiffs hereby incorporate by reference paragraphs 1 through 46, inclusive

20   of this Complaint, as though fully set forth in this cause of action. This cause of action is

21   asserted by Plaintiffs against Defendant CONTINENTAL and DOES 101 through 150.

22

23       48.    Plaintiffs are informed and believe and thereon allege that INPHONIC and

24   CONTINENTAL entered into a written agreement for the benefit of the Class whereby

25   CONTINENTAL adopted responsibility for the processing of the rebate forms submitted

26   by INPHONIC's customers.

27

28       49.    INPHONIC has represented to Plaintiff and the Class that it was

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

754789.1

15

**CLASS ACTION COMPLAINT**

1  CONTINENTAL's responsibility to timely process the customer rebates.

2

3      50.    CONTINENTAL failed to comply with its obligations and breached the

4  contract due to its failure to correctly process customer rebate claims.

5

6      51.    The written agreement between INPHONIC and CONTINENTAL was made

7  to the benefit of Plaintiffs and the Class as they were the beneficiaries of the INPHONIC

8  rebates.

9

10     52.    As a result of CONTINENTAL's breach, Plaintiffs and the Class incurred

11  damages, including, but not limited to, the amount of the rebate.

12

13              **FOURTH CAUSE OF ACTION**

14                    **FRAUD**

15

16     53.    Plaintiffs hereby incorporate by reference paragraphs 1 through 52, inclusive

17  of this Complaint, as though fully set forth in this cause of action.  This cause of action is

18  asserted by Plaintiffs against Defendant INPHONIC and DOES 1 through 100.

19

20     54.    Plaintiffs are informed and believe and thereon allege that INPHONIC and

21  DOES 1 through 100 engaged in a common plan and/or scheme, designed to increase the

22  sales and market base of consumers who purchased wireless equipment and cellular calling

23  plans.  As part of this common plan, Plaintiffs are informed and believe and thereon allege

24  that INPHONIC and DOES 1 through 100 made representations to Plaintiffs and the Class

25  through its websites, including, WIREFLY, which were and are false.    These

26  representations include, but not limited to, the net price of wireless equipment, and that

27  customers would receive rebates within 10 weeks.  Plaintiffs and the Class justifiably

28  relied upon Defendants' representations, *inter alia*, that "the total cost after rebate" is

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

754789.1

16

CLASS ACTION COMPLAINT

20

1  $0.00 (as in Exhibit "A"). Plaintiffs' actual costs were and are $300.00 each.

2

3      55.    Plaintiffs are informed and believe and thereon allege that INPHONIC and

4  DOES 1 through 100 knew that the representations made on their website were false.

5  Plaintiffs are informed and believe and thereon allege that Defendants conceived a scheme

6  whereby they established a protocol for the intentional mishandling and processing of

7  rebate claim forms.  Defendants enticed consumers to purchase wireless devices and

8  cellular calling plans that are close to no charge.  However, Defendants never intended to

9  timely and fairly process the rebate claim forms.  Defendants did not process the claim

10 forms as promised resulting in substantial damages to Plaintiffs and the Class.

11

12     56.    Plaintiffs and the Class relied upon the misrepresentations made by

13 INPHONIC and DOES 1 through 100.

14

15     57.    Plaintiffs and the Class were reasonable in relying upon such representation.

16

17     58.    Plaintiffs and the Class incurred damages because of their reasonable

18 reliance upon the representations.

19

20               **FOURTH CAUSE OF ACTION**

21             **NEGLIGENT MISREPRESENTATION**

22

23     59.    Plaintiffs hereby incorporate by reference paragraphs 1 through 51, inclusive

24 of this Complaint, as though fully set forth in this cause of action.  This cause of action is

25 asserted by Plaintiffs against Defendant INPHONIC and DOES 1 through 100.

26

27     60.    INPHONIC and DOES 1 through 100, directly or through their agents and

28 employees, made material false representations, concealments and non-disclosure to

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

754789.1

17

CLASS ACTION COMPLAINT

1  Plaintiffs and Members of the Class. Those material misrepresentations, concealments and

2  non-disclosures consisted of, among other things, in making the false representations,

3  concealments and non-disclosures and in doing these things alleged above, INPHONIC

4  and DOES 1 through 100 acted without any reasonable grounds for believing the

5  representations were true. Plaintiffs and Members of the Class relied upon the false

6  representations, concealments and non-disclosures made by Defendant and DOES 1

7  through 100, in purchasing wireless devices and/or cellular calling plans.

8

9     61.    As a result of INPHONIC's and DOES 1 through 100 wrongful conduct,

10  Plaintiffs and Members of the Class have suffered and continue to suffer economic losses

11  and other general damages, including but not limited to the rebate amounts promised by

12  INPHONIC, all in an amount to be determined according to proof at the time of Trial.

13

14           **FIFTH CAUSE OF ACTION**

15  **VIOLATION OF THE DISTRICT OF COLUMBIA CONSUMER PROTECTION**

16     **ACT (DISTRICT OF COLUMBIA CODE ANN. § 28-3901)**

17

18     62.    Plaintiffs hereby incorporate by reference paragraphs 1 through 61, inclusive

19  of this Complaint, as though fully set forth in this cause of action. This cause of action is

20  asserted by Plaintiffs against Defendant INPHONIC and DOES 1 through 100.

21

22     63.    The general consuming public, including Plaintiffs and Members of the

23  Class reasonably and routinely rely upon websites and marketing information in making

24  purchase decisions. By designing, promoting and maintaining its website and marketing

25  materials, INPHONIC and DOES 1 through 100 were aware that it disclosed all of the

26  terms and conditions of its rebate policies and business practices, Plaintiffs and members

27  of the Class would not have purchased products from INPHONIC. INPHONIC is subject

28  to the laws of the District of Columbia as its principal place of business is within the

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

754789.1

18

CLASS ACTION COMPLAINT

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  District.  The District of Columbia Consumer Protection Act (District of Columbia Code
2  Ann. § 28-3901), creates a just mechanism to remedy improper trade practices and detour
3  the continuing use of such practices, to promote their business practices throughout the
4  community and to seek proper readdress of grievances.  D.C. Code Ann. § 28-3901(b).
5  The act states:

7      "It shall be a violation of this chapter, whether or not any
8      consumer is in fact mislead, deceived or damaged thereby for
9      any person to:

10     (E)    Misrepresent as to a material fact which has a tendency
11     to mislead;

12     ...

14     (H)    Advertise or offer of goods or services without the
15     intent to sell them or without the intent to seller them as
16     advertised or offered;

17     ...

18     (J)    Make false or misleading representations of fact
19     concerning the reasons for, existence of, or amounts of price
20     reductions, or the price in comparison to price of competitors
21     or one's own price at a past or future time;

22     ...

23     (R)    Make or enforce unconscionable terms or conditions of
24     sale or leases."
25  D.C. Code Ann. § 28-3904.

27  64.    Plaintiffs and the Class are entitled to the following relief pursuant to

754789.1

1  violation of the District of Columbia Consumer Protection Act:

2

3     "(A)   Treble damages, or $1,500 per violation, whichever is
4     greater, payable to the consumer;

5

6     (B)    Reasonable attorney's fees;

7     (C)    Punitive damages;

8     (D)    An injunction against the use of the unlawful trade
9     practice;

10    (E)    In representative actions, additional relief as may be
11    necessary to restore to the consumer money or property, real or
12    personal, which may have been acquired by means of the
13    unlawful trade practice; or

14    (F)    Any other relief which the court deems proper."

15    D.C. Code Ann. § 28-3905(k)(1).

16

17

18    65.    INPHONIC has previously committed and will continue to commit, the
19    following unlawful trade practices, inter alia, entice customers into purchasing wireless
20    devices and/or cellular calling plans at greatly reduced prices, concealed the hyper-
21    technical restrictions and constrictive interpretation of the rebate program, concealed the
22    penalties for failing to comply with the hyper-technical terms and conditions of the rebate
23    program and mislead consumers as to Defendants hidden intention to deny rebate claims as
24    a matter of course.   Additionally, INPHONIC developed its websites to intentionally
25    mislead, confuse and deceive consumers into purchasing wireless devices, cellular calling
26    plans at an advertised steeply discounted price due to the rebate.   INPHONIC's business
27    practices are unlawful, unfair, fraudulent and malicious.   Plaintiffs are informed and
28    believe and thereon allege that Defendants took intentional steps to further its conspiracy

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

754789.1

20

CLASS ACTION COMPLAINT