1  to increase revenues via the above-referenced illegal acts.

2

3      66.    The gravity of harm to all consumers from Defendants' wrongful acts

4  outweighs any potential utility of these policies and practices.

5

6      67.    Plaintiffs have been injured and continue to suffer damages as a result of

7  INPHONIC's unlawful trade practices and are "consumers" within the meaning of the

8  District of Columbia Consumer Protection Act.

9

10                      **SIXTH CAUSE OF ACTION**

11      **VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT**

12              **(CAL. CIV. CODE §§1750 ET SEQ.)**

13

14      68.    Plaintiffs hereby incorporate by reference paragraphs 1 through 67, inclusive

15  of this Complaint, as though fully set forth in this cause of action.  This cause of action is

16  asserted by Plaintiffs against Defendant INPHONIC and DOES 1 through 100.

17

18      69.    INPHONIC and DOES 1 through 100 have engaged in and continue to

19  engage in unlawful practices in violation of California Civil Code §§ 1750 et seq., the

20  Consumer Legal Remedies Act (the "CLRA") which are likely to mislead consumers by:

21

22          (1)    Falsely representing that they will receive a rebate upon

23          completion and processing of a rebate claim form;

24          (2)    Failing to clearly and conspicuously disclose material

25          terms and conditions of the rebate program to consumers;

26

27

28

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

754789.1

21

CLASS ACTION COMPLAINT

(3)     Applying a hyper-technical construction of the terms and conditions in order to further its business practice of increasing revenues and denying rebate claims; and

(4)     Enticing consumers to purchase wireless devices and cellular plans on its website and affiliated website based upon the false or misleading advertisement that the equipment and/or plans will be sold at greatly reduced rates.

70.     The Defendants have violated the CLRA, by including but not limited to, the following:

(1)     Advertising goods or services with intent not to sell them as advertised in violation of California Civil Code § 1770(a)(9); and

(2)     Representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent upon an event to occur subsequent to the consummation of the transaction in violation of California Civil Code § 1770(a)(17).

71.     A direct and proximate result of Defendants' conduct as set forth herein, INPHONIC and DOES 1 through 100 have receive ill-gotten gains and/or profits including but not limited to money.  Therefore, INPHONIC and DOES 1 through 100 were and are unjustly enriched.

72.     Pursuant to California Civil Code §§ 1780(a)(1)-(5) and 1780(d) Plaintiffs

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

754789.1

22

CLASS ACTION COMPLAINT

1  and Members of the Class seek injunctive relief, restitution, ancillary relief and attorneys'

2  fees to the full extent allowed by law.  Pursuant to California Civil Code § 1782(d)

3  Plaintiffs will amend their Complaint without leave of Court to include a request for

4  damages after 30 days have past since mailing Defendants a notice of violation of the

5  Consumer Legal Remedies Act pursuant to California Civil Code § 1782.

6

7      73.    Pursuant to California Civil Code § 1780(a)(2) Plaintiffs and Members of the

8  Class seek to enjoin Defendants INPHONIC and DOES 1 through 100 from engaging in

9  the unlawful, fraudulent and unfair business practices as alleged herein.  There is no other

10 adequate remedy at law and if an injunction is not ordered, Plaintiffs and the Class will

11 suffer irreparable harm by continuing to make purchases of wireless devices and cellular

12 calling plans from Defendants.

13

14                     **SEVENTH CAUSE OF ACTION**

15                        **FALSE ADVERTISING**

16                  **(CAL. BUS. & PROF. §§ 17500 ET SEQ.)**

17

18     74.    Plaintiffs hereby incorporate by reference paragraphs 1 through 73, Inclusive

19 of this Complaint, as though fully set forth in this cause of action.  This cause of action is

20 asserted by Plaintiffs against Defendant INPHONIC and DOES 1 through 100.

21

22     75.    INPHONIC and DOES 1 through 100 have engaged in and continue to

23 engage in false advertising as they disseminated false and/or misleading statements

24 regarding the purchase price and terms and conditions of the rebate program to consumers

25 via its websites and affiliated websites.

26

27     76.    INPHONIC and DOES 1 through 100 knew or should have known by

28 exercising reasonable care that its representations were false and/or misleading.

754789.1

23

CLASS ACTION COMPLAINT

27

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1    Alternatively, Defendants should have notified all consumers of the true nature of the
2    terms and conditions of the rebate program.

3

4        77.    By disseminating and publishing these statements in connection with the sale
5    of its goods, INPHONIC and DOES 1 through 100 have engaged and continue to engage
6    in false advertising in violation of Bus. & Prof. Code §§ 17500 et seq.

7

8        78.    As a direct and proximate result of INPHONIC's and DOES 1 through 100,
9    conduct, as set forth herein, Defendants have received ill-gotten gains and/or profits,
10   including, but not limited to money.  Therefore, Defendants are unjustly rich.  Pursuant to
11   Bus. & Prof. Code § 17535, Plaintiffs request restitution and restitutionary disgorgement
12   for all sums attained in violation of Bus. & Prof. Code §§ 17500 et seq.

13

14       79.    Plaintiffs seek injunctive relief, restitution and restitutionary disgorgement of
15   Defendants INPHONIC and DOES 1 through 100 ill-gotten gains as specifically provided
16   in Bus. & Prof. Code § 17535.

17

18       80.    Plaintiffs have engaged counsel to prosecute this action.

19

20       81.    Plaintiffs and Members of the Class seek to enjoin INPHONIC and DOES 1
21   through 100 from engaging in these wrongful practices as alleged herein, in the future.
22   There is no other adequate remedy at law and if an injunction is not ordered, Plaintiffs and
23   the Class will suffer irreparable harm and/or injury.

24

25

26

27

28

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

754789.1

24
CLASS ACTION COMPLAINT

## EIGHTH CAUSE OF ACTION
## VIOLATION OF UNFAIR COMPETITION LAWS
## (CAL. BUS. & PROF. §§ 17200 ET SEQ.)

82.   Plaintiffs hereby incorporate by reference paragraphs 1 through 81, inclusive of this Complaint, as though fully set forth in this cause of action.  This cause of action is asserted by Plaintiffs against all Defendants.

83.   Defendants have engaged in and continue to engage in unlawful, fraudulent and unfair business practices, which are substantially likely to mislead the public by falsely disseminating information regarding its rebate program.  Plaintiffs are informed and believe and thereon allege that Defendants' conduct resulted in profits and pecuniary gain received from consumers who purchased wireless devices and cellular calling plans from Defendant INPHONIC.

84.   Plaintiffs are informed and believe and thereon allege that Defendant INPHONIC and Defendant CONTINENTAL, conspired to and engaged in a plan to delay and reject claim forms that were properly completed or substantially completed by consumers who made purchases from INPHONIC or its affiliated websites.

85.   CONTINENTAL engaged in unfair practices by failing to timely and fairly process the rebate claim.  Plaintiffs are informed and believe and thereon allege that the greater number of claims denied by CONTINENTAL, the more compensation it received from INPHONIC.

86.   The business act and practices of Defendants are unlawful, unfair and deceptive in the meaning of the Consumer Protection Statutes, because, inter alia, Defendants violated and continue to violate D.C. Code Ann. §§ 28-3901 et seq., Civil

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

754789.1

25
CLASS ACTION COMPLAINT

Code §§ 1750 et seq. and Business & Professions Code §§ 17500 et seq.

87.    As a direct and proximate result of Defendants' conduct as set forth herein, Defendants have received ill-gotten gains and/or profits, including but not limited to money.

88.    Therefore, Defendants were and are unjustly enriched. Pursuant to Business & Professions Code § 17203, Plaintiffs request restitution and/or restitutionary disgorgement of all sums including profits, obtained in violation of Business & Professions Code §§ 17200 et seq.

89.    Plaintiffs seek injunctive relief, restitution and restitutionary disgorgement of the ill-gotten gains from Defendants, as specifically provided in Business & Professions Code § 17203.

90.    Plaintiffs have engaged counsel to prosecute this action.

91.    Plaintiffs and Members of the Class seek to enjoin Defendants from engaging in these wrongful practices, as alleged herein, in the future. There is no adequate remedy at law and if an injunction is not ordered, Plaintiffs and the Class will suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendants as follows:

PEARSON, SIMON, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

754789.1

26

CLASS ACTION COMPLAINT

PEARSON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1      1.    For preliminary and injunctive relief requiring Defendants to accurately

2   represent the terms and conditions of the rebate program to consumers, process the rebates

3   in a timely manner and approve claims that substantially comply with reasonable terms

4   and conditions. (All Causes of Action);

5

6      2.    That the Court enter an order certifying the Plaintiff Class and any

7   appropriate sub-class thereof, in appointing Plaintiffs and their counsel to represent the

8   Class. (All Causes of Action);

9

10     3.    For damages and prejudgment interest according to proof. (As to the First

11  through Sixth Causes of Action);

12

13     4.    That the Court enter an order for restitution and restitutionary disgorgement

14  of profits wrongfully obtained by Defendants. (All Causes of Action);

15

16     5.    For reasonable attorneys' fees as permitted under Cal. Civ. Code § 1780(d),

17  Cal. Code of Civ. Proc. § 1021.5 and D. C. Code Ann. § 28-3905(k)(1)B;

18

19     6.    For Plaintiffs' costs incurred; and

20

21     7.    For such other and further relief for which the Court deems just and proper.

22

23  DATED: August 25, 2006          PEARSON, SOTER, WARSHAW &
                             PENNY, LLP

24

25                          By: _____

26                              DANIEL L. WARSHAW
                             Attorneys for Plaintiffs, BARRY R. FRIEDRICH

27                           and MANDY FRIEDRICH, Individually and on
                             Behalf of All Others Similarly Situated

28

754789.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PEARSON, SOTER, WARSHAW & PENNY, LLP
15180 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

## DEMAND FOR JURY TRIAL

Plaintiffs on behalf of themselves and others similarly situated hereby request a jury trial upon the claims so triable.

DATED: August 28, 2006

PEARSON, SOTER, WARSHAW & PENNY, LLP

By: _Daniel Warshaw_
DANIEL L. WARSHAW
Attorneys for Plaintiffs, BARRY R. FRIEDRICH and MANDY FRIEDRICH, Individually and on Behalf of All Others Similarly Situated

754789.1

28
CLASS ACTION COMPLAINT

32

Welcome to our wireless world

   

View Options Store

Click here to change location



## MOTOROLA

**Motorola RAZR V3 (Camera Phone) for T-Mobile**

- Bluetooth Wireless Technology
- VGA Camera With Self-Timer
- T-Mobile Personal Coverage Checker
- No Roaming Charges – Nationwide Digital Roaming

Save even more!
Get 2 Phones with a Shared Plan

Phone Details

| Phone Package | Qty | Value | Your Price |
|---|---|---|---|
| Motorola RAZR V3 (Camera Phone) | 1 | 254.99 | 199.99 |
| 2-Day Delivery via FedEx | | | FREE |
| BONUS FREE Bluetooth Headset ($80 Value) | 1 | | $0.00 |
| Package Value | | | $199.99 |
| $150.00 Mail-in Rebate | 1 | | -150.00 |
| $50.00 T-Mobile Mail-in Rebate | 1 | | -50.00 |
| **Total Cost After Rebate** | | | **$0.00** |

### Rate Plan Information

**Get More 1500**
**1500 Minutes**
**$39.99 per month**

> Plan Details
> Plan Coverage Map
> Terms & Conditions

**Optional Plan Features**
- Caller Tunes - $1.49
- 400 Messaging Value Bundle - $4.99
- 1000 Messaging Value Bundle - $9.99
- Unlimited Messaging Value Bundle - $14.99
- Unlimited T-Mobile Web - $5.99
- Unlimited Mobile To Mobile Calling - $6.99
- Hot Spot - $19.99
- International Long Distance To Mexico – $4.99
- International Long Distance to Canada – $4.99
- Equipment Protection - $5.99

**Important Plan Information:**
Orders for products and services are fulfilled by InPhonic, an authorized agent for T-Mobile. Offer exclusively available to customers activating a new line of service on a 1 year contract with T-Mobile. In the event that a customer order cannot be provisioned by the featured carrier, InPhonic will attempt to fulfill an order through an alternative carrier providing a substantially similar offer, if available. All orders are subject to credit approval or deposit. Activation fee of $35 and early termination fees apply. Offer.

**Recommended Premium Accessories For Your Phone**
Razr V3 Platinum Car Charger | Motorola Razr V3 Bluetooth Y-Charging Cable | Motorola PhoneTools 3.0 Synchronization Software | Motorola Bluetooth Headset HS810

**INVOICE**                                                                   CLOSE X

**Your invoice**
Order # 384170247
Date 12/9/2005 4:52:43 PM                BIll To:    MANDY FRIEDRICH       Ship To:    MANDY FRIEDRICH

| Charges Today | | | |
|---|---|---|---|
| Qty | Product Description | Unit Price | Total |
| 1 | Motorola RAZR V3 (Camera Phone) | $199.99 | $199.99 |
| 1 | Motorola RAZR V3 (Camera Phone) | $199.99 | $199.99 |
| | | Sub Total | $399.98 |
| | | Shipping | $0.00 |
| | | Tax | $33.00 |
| | | Total | $432.98 |

| Mail-in Rebates/Special Offers - Forms will be included with your shipment | | | |
|---|---|---|---|
| Qty | Rebate Description | Unit Price | Total |
| 1 | $150.00 Mail-in Rebate | -$150.00 | -$150.00 |
| 1 | $150.00 Mail-in Rebate | -$150.00 | -$150.00 |
| 1 | BONUS FREE Bluetooth Headset ($80 Value) | -$0.00 | -$0.00 |
| 1 | BONUS FREE Bluetooth Headset ($80 Value) | -$0.00 | -$0.00 |
| 1 | $50.00 T-Mobile Mail-in Rebate | -$50.00 | -$50.00 |
| 1 | $50.00 T-Mobile Mail-in Rebate | -$50.00 | -$50.00 |
| | | Total Mail-in Rebate | -$400.00 |

| T-Mobile Service Charges - To be billed later by T-Mobile | | |
|---|---|---|
| Qty | Product Description | Unit Price |
| 1 | FamilyTime 700 | $59.99 per month |
| | Activation Fee | $70.00 |
| | Contract Length | 12 months |

Copyright © 2006.                                                        CLOSE X

34

**INVOICE**                                                                    CLOSE [X]

Your Invoice
Order # 99433817               Bill To:    BARRY FRIEDRICH       Ship To:    BARRY FRIEDRICH
Date 12/8/2005 4:38:04 PM

| Charges Today | | | |
|---|---|---|---|
| Qty | Product Description | Unit Price | Total |
| 2 | Motorola RAZR V3 (Camera Phone) | $199.99 | $399.98 |
| | | Sub Total | $399.98 |
| | | Shipping | $0.00 |
| | | Tax | $33.00 |
| | | Total | $432.98 |

| Mail-in Rebates/Special Offers - Forms will be included with your shipment | | | |
|---|---|---|---|
| Qty | Rebate Description | Unit Price | Total |
| 2 | $150.00 Mail-in Rebate | -$150.00 | -$300.00 |
| 2 | BONUS FREE Bluetooth Headset ($80 Value) | -$0.00 | -$0.00 |
| 2 | $50.00 T-Mobile Mail-in Rebate | -$50.00 | -$100.00 |
| | | Total Mail-in Rebate | -$400.00 |

| T-Mobile Service Charges - To be billed later by T-Mobile | | |
|---|---|---|
| Qty | Product Description | Unit Price |
| 1 | FamilyTime 700 | $59.99 per month |
| | Activation Fee | $70.00 |
| | Contract Length | 12 months |

Copyright © 2006.

CLOSE [X]

35

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA** )

3

**COUNTY OF LOS ANGELES** )

4

    At the time of service, I was over 18 years of age and **not a party to this**

5

**action.** I am employed in the County of Los Angeles, State of California. My business address is 601 West Fifth Street, 12th Floor, Los Angeles, California 90071.

6

7

    On September 25, 2006, 2006, I served the following document(s) described as **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441, 1446 AND 1453(b)** on the interested parties in this action as follows:

8

9

Clifford H. Pearson, Esq.                             *Attorney for Plaintiffs*
Gary S. Soter, Esq.

10

Daniel L. Warshaw, Esq.
Pearson, Soter, Warshaw & Penny, LLP
15165 Ventura Boulevard, Suite 400

11

Sherman Oaks, CA 91403
Tel (818) 788-8300 – Fax (818) 788-8104

12

13

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed

14

to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily

15

familiar with Beck, De Corso, Daly, Kreindler & Harris's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is

16

placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

17

18

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

19

20

    Executed on September 25, 2006, at Los Angeles, California.

21

22

*Sandra Burgos*
SANDRA BURGOS

23

24

25

26

27

28

215949.1

BECK, DE CORSO, DALY,
KREINDLER & HARRIS
A PROFESSIONAL LAW CORPORATION
601 WEST FIFTH STREET, 12TH FLOOR
LOS ANGELES, CALIFORNIA 90071

B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| IONA WORKMAN, individually<br>and on behalf of all other<br>persons similarly situated,<br>223 Pawnee Street<br>Battle Creek, MI 49105<br>        Plaintiffs<br><br>vs.<br><br>INPHONIC, INC.,<br>SERVE:<br>Corporation Service Company<br>1090 Vermont Avenue NW<br>Washington, DC 20005<br>        Defendant | Civ. No. 1:06CV01647<br><br>Judge Ellen Segal Huvelle<br><br>*JURY TRIAL DEMANDED* |

**CLASS ACTION COMPLAINT**

     Plaintiff Iona Workman, individually and on behalf of herself and all others similarly situated, alleges on information and belief, except for those allegations that pertain to Plaintiff which are alleged upon personal knowledge, as follows:

**INTRODUCTION**

     1.     Plaintiff brings this class action on behalf of herself and all others within the United States who are similarly situated (the "Class") to obtain damages, restitution and injunctive relief for such injured parties against Defendant InPhonic, Inc. ("InPhonic"). More specifically, Plaintiff brings this class action on behalf of a Class of consumers who purchased products from InPhonic, or one of its subsidiaries and/or affiliates, with the express understanding that they would receive cash

1

rebates after purchase of said products; who properly requested the rebate in accordance with Defendant's instructions; and who have not received cash rebates from InPhonic. ("Class Members" refers to both the Representative Plaintiff Iona Workman and Members of the Class defined below).

2.      As a result of Defendant's unlawful conduct by failing to honor the terms of its advertised rebate program, the Defendant has violated state consumer protection statutes and caused Class Members and the Represented Plaintiff to incur monetary damages.

3.      On behalf of herself and all others similarly situated, the Representative Plaintiff seeks relief including: (a) an order certifying the action to be maintained as a Class action and ordering the Representative Plaintiff and the Representative Plaintiff's counsel to represent the Class; (b) compensatory and consequential damages; (c) punitive damages; (d) attorney's fees; (e) costs of this suit; (f) pre and post judgment interest; (g) injunctive relief; and (h) any such other and further relief as this Court may deem necessary or proper.

### THE PARTIES

4.      The Representative Plaintiff Iona Workman ("Representative Plaintiff" or "Plaintiff") resides at 223 Pawnee Street, Battle Creek, Michigan.

5.      Defendant InPhonic, Inc. ("Defendant") is a Delaware corporation whose headquarters is located at 1010 Wisconsin Avenue, Suite 600, Washington, D.C.

### JURISIDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. This Court also has jurisdiction over the Defendant because a substantial portion of the wrongdoing alleged in this Complaint took place in the District and because the Defendant is authorized to do business here, has sufficient minimum contacts with the District, and/or otherwise intentionally avails itself of

2

the markets in the District through the promotion, marketing and sale of its services in the District, to render the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice.

7.    Venue in this Court is proper because the Defendant resides within the District.

## FACTUAL ALLEGATION

### Defendant InPhonic's Business Practices

8.    InPhonic was founded in 1997. InPhonic claims to be a leading online seller of wireless services and products. InPhonic sells services and goods and provides customer service through websites that it creates and manages for online businesses, national retailers, member-based organizations and associations under their own brands.

9.    InPhonic operates as an online seller by utilizing websites, subsidiaries and/or affiliates. The websites, subsidiaries and/or affiliates include, but are not limited to the following: Wirefly, A1Wireless.com, Point.com, Cellular Choice, Cellularone.com, Wireless World, Tmiwireless.com. As described in more detail below, Representative Plaintiff Iona Workman purchased her telephone, wireless plan, and rebate through CellularChoices.net.

10.    InPhonic and its web sites, subsidiaries and/or affiliates offer rebate incentives to encourage customers to purchase goods and services through them instead of directly from the manufacturers and wireless carriers. InPhonic has agreements with the six largest wireless carriers in the United States, as well as with several regional carriers, to sell their wireless devices and service plans. Collectively, these carriers' networks cover 99.8% of the U.S. population.

11.    The Defendant, through both advertising and at the point of sale to customers, has represented that consumers will receive a cash rebate from Defendant if consumers make specific

3

purchases, provided that the consumers submit rebate request paperwork within a certain time period, and under certain conditions.

12.    In order to comply with the conditions of the rebates given by the Defendants, consumers must do the following:

- provide name, address and contact information;
- provide purchase date, order number and mobile phone number;
- read, sign and date rebate form;
- provide a copy of the dated sales receipt;
- provide a copy of the 12 digit UPC barcode;
- provide a copy of the wireless bill showing customer name, mobile number, and bill/invoice date (must be dated between 150 days after activation and 210 days after activation) for the relevant account showing any previous balance paid in full;
- provide a copy of the "Guide to Wireless Service" included with the customer's shipment that provides details of service plan activated with the phone; and
- obtain a postmark that is no earlier than 180 days after activation and no later than 210 days after activation.

13.    According to the Defendant, once a rebate form is submitted in a timely manner with the appropriate documentation, the consumer will receive a check for the amount of the cash rebate within 10-12 weeks of receipt of the rebate request.

14.    Many consumers who have purchased products and service plans from the Defendant with the express understanding that they were to receive one or more cash rebates after the purchase of the products, and who have properly requested such a cash rebate in accordance with Defendant's instructions, have received no cash rebate.

15.    The Defendant is aware that many of its customers are not receiving the rebates they were promised but continue to ignore and/or deny their claims in order to enjoy the obvious significant financial gain of such conduct. InPhonic has knowledge of statistics that prove after one or more failed attempts to claim a rebate, consumers will eventually give up and stop their pursuit.

4

So, instead of honoring its obligations as promised, the Defendant has chosen to delay and/or otherwise make the process of claiming a rebate so time-consuming and frustrating that consumers give up and thereby leave the Defendant with a great financial gain, all while passing the burden along to class members.

16.    The Defendant is aware of the consumer frustration caused by its failure to honor rebates. Due to the Defendant's lack of response in resolving this widespread problem, consumers have taken to posting their complaints on the internet, in an attempt to express their frustration and attempt to inform others about the problem as follows:

### Examples of Consumer Frustration

It's impossible to get rebates from these people. I have made two attempts by mail, one attempt by fax, and several attempts by phone to retrieve my entitled rebates. The rebates due are $200.00. My forms were mailed to specification on December 15, 2005. Upon follow up on January 17, 2006, I learned that both of my mailed rebates were lost by the US mail service (which is awfully peculiar). I was then asked to fax the forms directly to their rebate center. After doing so, I was told the fax would not be accepted because my original letters were not mailed via registered mail. I then re-mailed all documents in separate envelops again via registered mail on January 18, 2006. On January 31, I checked the status of my rebates at their websites and learned that only one was received and it was rejected. I have reason to believe that all forms are correct and legible. I do not see any reason for rejection.[1]

* * *

Never received my rebate. Wire fly refused my rebates because I sent them to [sic] early. I called them within the time frame and asked them to send me my paperwork and they said they would. I never received anything. I kept on calling the office of the president and they never responded. Finally when they did, they said the time expired to file the rebates, so I am out $150. I will never do business with wirefly again, and I will jump on any class action suit. The instructions on the rebates are so confusing with the amount of days you have to wait to submit the forms. Just tell the customer upfront they won't be getting the rebate. At least

---

1 http://www.resellerratings.com/seller7831-p2-s1-d1.html#reviews

5

be honest.[2]

\* \* \*

The way I look at this is that they have designed this process so that the consumer loses. If I lose they gain since they get to keep the money they promised me in the form of a rebate. It's one of the most complained about companies–more than 1400 people have filed complaints about them in the last 3 years. That alone tells you something about this company.[3]

\* \* \*

Got scammed. They asked me to send in all rebate information postmarked 180-210 days after purchase. I did. Every time I contacted them (not an easy proposition) they kept promising the rebate and then later after making me wait 8 weeks saying their was a reason for not honoring the rebate.

When you contact them they send you to a different center, promise to correct the issues but never do, ask you to resubmit materials and then make you wait, send you notices that don't reflect the issues they claim to deny your claim . . . the list goes on.

Don't expect a rebate from this company. They do everything they can to deny a claim and will try to discourage you from pursuing legitimate claims with delay tactics and incompetence. This is a dishonorable business model.[4]

\* \* \*

This is an awful company! They scam their way out of paying rebates that are due to their customers. They owe me $200 and refuse to pay me although I followed all instructions on the rebates to the T!! There is an article on msnbc.com about how bad they are and people are getting together a class action lawsuit against them. AVOID AT ALL COSTS.[5]

\* \* \*

When I purchased a phone from them, they listed a $50 customer appreciation rebate, which required that I send the first 3 months of billing statements, plus the form, and the UPC code, and the invoice within 120 days (purchased 10/14/04,

---

2 http://www.reviews.cnet.com/5208-7817-0.html?forumID=74&threadID=29922&messageID=1666956
3 http://www.badbusinessbureau.com/reports/ripoff177219.htm
4 http://www.shopping.com/xMR-Wirefly-MRD-315699~S-1~PG-5
5 http://www.shopping.com/xMR-Wirefly-MRD-315699~S-1~PG-6

due 2/11/05). When I received my 3 statements, I photocopied the first page (as requested) and sent the entire package on approximately 2/4. However, I received a letter from the rebate company that said the request was not postmarked in time. My calls to Inphonic have not been returned. There are numerous complaints about Inphonics on the internet that indicate this is not a one-time mistake.[6]
17.

## Representative Plaintiff Iona Workman's Purchase and Submission for Rebates

18.     On or about August 18, 2005, Representative Plaintiff Iona Workman bought a Motorola Razr V3 telephone and Cingular Wireless two year telephone service plan through Cellular Choices, a wholly owned subsidiary of InPhonic. Mrs. Workman paid Cellular Choices $149.99 for the Motorola Razr V3 telephone and $75.99 for the Cingular Wireless two year telephone service plan.

19.     As an incentive to purchase these products and services through Cellular Choices, Mrs. Workman was promised a $75.00 Customer Loyalty Mail-in Rebate and a $75.00 Mail-in Rebate.

20.     Within 180 and 210 days of the purchase date, Mr. Workman properly requested both the $75.00 Customer Loyalty Mail-in Rebate and a $75.00 Mail-in Rebate.

21.     On March 10, 2006, Mrs. Workman received an e-mail communication from the Defendant stating that the $75.00 Mail-in Rebate application was being rejected because she did not submit a copy of the UPC code. The $75.00 Customer Loyalty Mail-in Rebate application was not addressed in the Defendant's e-mail.

22.     On March 13, 2006, Mrs. Workman spoke with the Defendant's employee "Vonda" about both the $75.00 Customer Loyalty Mail-in Rebate and a $75.00 Mail-in Rebate. At that time, "Vonda" told Mrs. Workman to re-submit her information.

6 http://www.consumeraffairs.com/cell_phones/wirefly.html
7

23.     On March 14, 2006, which is still between 180 and 210 days of the purchase date, Mrs. Workman faxed all the requested information for the $75.00 Customer Loyalty Mail-in Rebate and a $75.00 Mail-in Rebate to Defendants.

24.     On March 16, 2006, which is still between 180 and 210 days of the purchase date, Mrs. Workman sent by certified mail all the requested information for the $75.00 Customer Loyalty Mail-in Rebate and a $75.00 Mail-in Rebate to Defendants.

25.     Although Mrs. Workman properly submitted all the requested information for the $75.00 Customer Loyalty Mail-in Rebate and a $75.00 Mail-in Rebate to Defendants in accordance with Defendant's instructions, and even discussed the process with Defendant's employees as she was making her submission, she received from Defendant on September 11, 2006 a letter indicating that her Rebate Application had been rejected.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action against defendants on her own behalf and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rule of Civil Procedure. The Class that Plaintiff seeks to represent is comprised of and defined as follows:

> All persons and entities who purchased or otherwise acquired goods and/or services accompanied by one or more rebates from InPhonic, Inc. or one of its subsidiaries.
>
> Excluded from the Class are (i) Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, predecessors, successors, assigns, officers, directors and employees, and (ii) the Judge and staff to whom this case is assigned, and any member of the Judge's immediate family.

27.     The Class defined above is identifiable and unambiguous. In fact, the Class can be easily identified through the sales and other records kept by, or under the control of, the Defendant in

8

its normal course of business. Therefore, Class Members can be notified of the class action through publication and direct mailings to the addresses maintained and used in the normal course of business by the Defendant.

28.    The Class is also so numerous that joinder of all members is impracticable. Based upon the historic sales figures of InPhonic and its web sites, subsidiaries and/or affiliates, it is clear that the Defendant has sold thousands and possibly tens of thousands of products accompanied by rebates as incentives for purchase. Accordingly, Plaintiff avers that there are thousands and possibly tens of thousands of members of the putative Class.

29.    While the exact number of Class Members is unknown to the Representative Plaintiff at this time, it is clear that the number greatly exceeds the minimum requirements of numerosity under the Federal Rules of Civil Procedure. The numerosity requirement of Federal Rule of Civil Procedure 23(a)(1) is therefore satisfied.

30.    The injuries sustained by the Representative Plaintiff and all the Class Members flow from a common nucleus of operative facts: the Defendant's practice of not honoring the rebates offered as incentives to purchase products and services. The common nucleus of operative facts makes the Representative Plaintiff's claim, and the claims of all the Class Members, virtually identical.

31.    Fed.R.Civ.P. Rule 23(a)(2)'s commonality requirement and Fed.R.Civ.P. Rule 23(b)(3)'s predominance requirements are satisfied in this case because of the common nucleus of operative facts, and because of the virtually identical nature of all the claims of the Representative Plaintiff and the Class Members. Thus, because the Defendant engaged in a common course of conduct as to the Representative Plaintiff and the Class Members, there are questions of law and fact

9

common to Plaintiff and the Class which predominate over any individual questions affecting only individual Class Members. The common questions of law and fact that predominate this case include, but are not limited to, the following:

(i)      Whether the Defendants fails to honor rebates;
(ii)     Whether the Defendant has policies in place to deter customers from claiming rebates in a reasonable amount of time;
(iii)    Whether the Defendant engaged in illegal business practices by failing to honor rebates;
(iv)     Whether the Defendant knowingly concealed the fact that they do not honor rebates;
(v)      Whether the Defendant purposefully designed the procedure for claiming a rebate to be so cumbersome for consumers that they would likely give up without even receiving any monetary compensation;
(vi)     Whether the Defendant misrepresented that it had a price advantage in comparison to its competitors when they did not because its products were accompanied by a rebate that would never be honored;
(vii)    The nature and extent of damages and other remedies to which the conduct of the Defendant entitles Class Members;
(viii)   Whether the Defendant violated state deceptive business practices statutes and/or consumer protection statutes;
(ix)     Whether Defendants' conduct was willful and/or intentional;
(x)      Whether the Class members are entitled to statutory damages;
(xi)     Whether the Class Members are entitled to compensatory and/or punitive damages and, if so, in what amount; and
(xii)    Whether the Class Members are entitled to injunctive and/or any other equitable relief.

32.    Furthermore, in satisfaction of Federal Rule of Civil Procedure 23(a)(3)'s typicality requirement, Plaintiff's claims are typical of the Class' claims and do not conflict with the interests of any other members of the Class. Mrs. Iona Workman, the Representative Plaintiff, asserts claims that are typical of, if not identical to, the claims of the entire Class since she and all Class Members were subjected to the same scheme and wrongful conduct of the Defendant.

33.    In satisfaction of Federal Rule of Civil Procedure 23(a)(4)'s adequacy requirement, Plaintiff will fairly and adequately represent and protect the interests of other Class members and has

10

no interests antagonistic to or which irrevocably conflict with those of other Class members. Indeed, the Representative Plaintiff's interests are aligned with all other Class Members who never received their rebates despite their meticulously following the rebate instructions.

34.     Additionally, the Representative Plaintiff is committed to the vigorous prosecution of this action and has retained counsel experienced in litigation of this nature to represent him and the Class. The Representative Plaintiff anticipates no difficulty in the management of this litigation as a class action.

35.     A class action is the only method for the fair and efficient adjudication of this controversy. Class members have suffered and will continue to suffer irreparable harm and damages as a result of Defendants' wrongful conduct. However, because of the nature of the individual Class Members' claims and damages, few, if any, could otherwise afford to seek legal redress against the Defendant for the wrongs complained of herein.

36.     In contrast, the Defendant, by committing many small violations that were not worth the time and effort of individual plaintiffs to redress, can continue its misconduct with impunity unless the class action device is utilized. Therefore, a representative class action is essential to the interests of justice.

37.     Absent a representative class action, Class Members would continue to suffer losses for which they would have no remedy; many Class members would remain ignorant of the significant violations of law which they have been exposed and the damages they have suffered or may suffer; and the Defendant unjustly would retain the proceeds of their ill-gotten gains. Moreover, even if separate actions could be brought by individual members of the Class, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants,

11

as well as create a risk of inconsistent rulings and adjudications which might be dispositive of the interests of the other Class members who are not parties to the adjudications, may substantially impede their ability to protect their interests and/or which would establish incompatible standards of conduct for the Defendant.

38.    Individual litigation of the common legal and factual issues raised by the conduct of the Defendant would increase delay and expense to all parties and to the courts. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale and comprehensive supervision by a single court. Given the identical nature of all the Class Members' claims and the absence of material differences in the state statutes and common laws upon which the claims are based, a nationwide Class will be easily managed by the Court and the parties.

39.    Considering the common nature of the claims, the amount of the damages, the risk of inconsistent rulings, and the heavy burden that would be placed upon the courts if individual claims needed to be brought by all the Class Members, the class action device is clearly superior to other available means for the fair and efficient adjudication of the claims of the Representative Plaintiff and the Class Members in this case.

40.    Pursuant to Federal Rule of Civil Procedure 23(b)(2), Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate injunctive and/or declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
### For Violations of State Consumer Protection Laws

41.    Plaintiff hereby incorporates by reference each and every allegation contained in

Paragraphs 1 through 40 of this Complaint as if fully restated herein.

42.    Plaintiff and the Class Members are consumers who purchased goods and/or services from Defendant.

43.    Defendants had a statutory duty to refrain from unfair or deceptive acts of practices in the promotion and/or sale of goods and/or services to Plaintiff and the Class Members.

44.    Defendants violated this duty by misrepresenting the actual cost of the goods and/or services and by failing to honor the cash rebates that were used as an incentive for purchase.

45.    Defendants engaged in the wrongful conduct described herein while at the same time, obtaining, under false pretenses, significant sums of money from Plaintiff and the proposed Class Members.

46.    Plaintiff and the Class Members were deceived by the Defendant's misrepresentations and would not have purchased goods and/or services and/or paid money for them had the true nature of the Defendant's sale and rebate scheme been disclosed.

47.    The Defendant's action constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the following statues in each of the fifty United States, *to wit*; Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ala. Code § 8-19-1, *et. seq.*; Alaska Stat. § 45.50.471, *et seq.*; Ariz. Rev. Stat. § 44-1522, *et seq.*; Ark. Code § 4-88-101, *et seq.*; Cal. Bus. & Prof. Code § 17200, *et seq.*, § 17500, *et. seq.*, and § 1770, *et. seq.*; Colo. Rev. Stat. § 6-1-105, *et seq.*; Conn. Gen. Stat. § 42-110b, *et seq.*; 6 Del. Code § 2511, *et seq.*; D.C. Code § 28-3901, *et seq.*; Fla. Stat. § 501.201, *et seq.*; Ga. Stat. §10-1-392, *et seq.*; Haw. Rev. Stat. § 480, *et seq.*; Idaho Code § 48-601, *et seq.*; 815 Ill. Comp. Stat. § 505/1, *et seq.*; Ind. Code ann. § 24-5-0.5.1, *et. seq.*; Iowa Code §

13

714.1b, *et. seq.*; Kan. Stat. § 50-623, *et seq.*; Ky. Rev. Stat. § 367.110, *et seq.*; La. Rev. Stat. § 51:1401, *et seq.*; 5 Me. Rev. Stat. § 207, *et seq.*; Md. Com. Law Code § 13-101, *et seq.*; Mass. Gen. L. Ch. 93A, *et seq.*; Mich. Stat. § 445.901, *et seq.*; Minn. Stat. § 8.31, *et seq.*, and § 325F.67, *et. seq.*; Miss. Code Ann. § 75-24-1, *et. seq.*; Missouri Stat. § 407.010, *et seq.*; Mont. Code § 30-14-101, *et seq.*; Neb. Rev. Stat. § 59-1601, *et seq.*; Nev. Rev. Stat. § 598.0903, *e t seq.*; N.H. Rev. Stat. § 358-A:1, *et seq.*; N.J. Rev. Stat. § 56:8-1, *et seq.*; N.M. Stat. § 57-12-1, *et seq.*; N.Y. Gen. Bus. Law § 349, *et seq.*; N.C. Gen. Stat. § 75-1.1, *et seq.*; N.D. Cent. CODE § 51-15-01, *et seq.*; Ohio Rev. Stat. § 1345.01, *et seq.*; Okla. Stat. 15 § 751, *e t seq.*; Or. Rev. Stat. § 646.605, *e t seq.*; 73 Pa. Stat. § 201-1, *et seq.*; R.I. Gen. Laws. § 6-13.1-1, *et seq.*; S.C. Code Laws § 39-5-10, *et seq.*; S.D. Code Laws § 37-24-1, *et seq.*; Tenn. Code § 47-18-101, *et seq.*; Tex. Bus. & Com. Code § 17.41, *et seq.*; Utah Code. § 13-11-1, *et seq.*; Vt. Stat. Ann. 9 § 245 1, *et seq.*; Va. Code § 59.1-196, *et seq.*; Wash. Rev. Code. § 19.86.010, *et seq.*; West Virginia Code § 46A-6-101, *et seq.*; Wis. Stat. § 100.20, *et. seq.*; and Wyo. Stat. § 40-12-100, *et. seq.*

48. As a direct and proximate result of the foregoing omissions, misrepresentations and unconscionable practices by the Defendant, Plaintiff and the Class Members have sustained ascertainable damages and injury entitling them to damages, restitution, disgorgement, and/or any such other relief under the state consumer protection statutes.

**SECOND CAUSE OF ACTION**
**Violation of State Unjust Enrichment Common Laws**

49. Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 49 of this Complaint as if fully restated herein.

50. To the detriment of the Representative Plaintiff and the Class Members, Defendant

14

has been, and continues to be, unjustly enriched as a result of the unlawful and/or wrongful denial of rebate claims.

51.     As a direct and proximate result of the foregoing unconscionable practice and unjust enrichment by the Defendant, Plaintiff and the Class Members have sustained ascertainable damages and injury entitling them to damages, restitution, disgorgement, and/or any such other relief allowable.

52.     Plaintiff and the Class Members seek full restitution and/or disgorgement of all enrichment, benefit or ill-gotten gain acquired as a result of the unlawful and/or wrongful denial of rebate claims, as well as any other relief allowable.

## PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff Iona Workman, on behalf of herself and all others similarly situated, prays for and order or judgment and relief against the Defendant as follows:

a.     Declaring this action to be a proper class action maintainable under Rule 23 of the Federal Rules of Civil Procedure, certifying an appropriate Class, certifying Plaintiff as Class Representative, and that their attorneys be appointed as Class counsel;

b.     That judgment be entered against the Defendant pursuant to the consumer protection statutes enacted by the individual United States;

c.     That judgment be entered against the Defendant pursuant to the unjust enrichment provisions of the individual United States

d.     Compensatory damages in he amount of owed cash rebates offered to Class Members;

e.     Actual damages, statutory damages, punitive damages, and/or treble damages

15

and any such other relief allowable under or provided for by the consumer protection statutes enacted by the individual United States;

      f.    Pre-judgment and post-judgment interest on such monetary relief;

      g.    The costs of this suit, including but not limited to attorneys' fees;

      h.    Granting an Order temporarily, preliminarily or permanently providing equitable and injunctive relief including, but not limited to: (1) enjoining Defendants from conducting its business through the unlawful acts and practices described in this Complaint; and (2) ordering Defendants to conduct a corrective information campaign; and

      i.    Granting such other and further relief as this Court may deem necessary, proper and/or appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Respectfully,

/S/

Eric A. Eisen (D.C. Bar No. 237669)
**Eisen & Shapiro**
10028 Woodhill Road
Bethesda, MD 20817
Telephone 301-469-8590
eric@eisenlaw.org

Lewis Kahn (Louisiana Bar No. 23805)
Kevin Oufnac (Louisiana Bar No. 23887)
**Kahn Gauthier Swick, LLC**
650 Poydras St., Suite 2150
New Orleans, Louisiana 70130
Telephone (504) 455-1400
Facsimile: (504) 455-1498
*Attorneys for Plaintiff*

16